# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 13, 2018

No. 17-41158
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SALVADOR ALAMILLA,

Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CR-270-1

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:*

Salvador Alamilla challenges his jury-trial conviction for possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). He contends the evidence was insufficient to support his conviction because the Government failed to prove beyond a reasonable doubt that he had knowledge of the methamphetamine found in his pickup truck.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-41158

Around 10:00 a.m. on 16 April 2017, Alamilla crossed the border into Mexico at the Falfurrias, Texas, Border Patrol checkpoint in his Ford F-150 pickup truck.  Just over eight hours later, he was stopped at the checkpoint going back into the United States in the same truck, when a canine alerted to the vehicle.  During the resulting inspection of the vehicle's interior, the canine alerted to the backseat, at which point Border Patrol Agents discovered a small plastic door set into the back of the truck.  Upon opening the compartment, the Agents discovered ten wrapped bundles which tested positive for methamphetamine, totaling approximately 11 kilograms.  The estimated value of the drugs was approximately $767,000.  (There is a minor inconsistency in the evidence regarding the value of the methamphetamine ($776,000 versus $767,000).  The lower figure will be used for this opinion.)

At trial, the Government introduced evidence that the pickup truck was owned by Alamilla and his wife, registered at their address in Houston, Texas, and insured in both their names; and that the wrapped bundles found in the truck were consistent with the packaging of drug cartels, which produce around 80–90 percent of methamphetamine in Mexico.  A Border Patrol Agent testified such cartels often hire individuals to pick up methamphetamine stored at a "stash house" south of the United States border, for transport past a Border Patrol checkpoint into the United States for distribution.

Because Alamilla preserved his sufficiency challenge, our review is *de novo*; the verdict will be upheld if a reasonable trier of fact could have found the evidence established guilt beyond a reasonable doubt.  *E.g.*, *United States v. Alaniz*, 726 F.3d 586, 600-01 (5th Cir. 2013).  "Even when examined de novo, review of the sufficiency of the evidence is highly deferential to the verdict." *United States v. Davis*, 735 F.3d 194, 198 (5th Cir. 2013) (internal quotation marks and citation omitted).

No. 17-41158

Regarding the sufficiency challenge, the Government's assertion that this matter does not qualify as a secret-compartment case fails; therefore, because the contraband was hidden, defendant's control of the vehicle is not alone sufficient to prove knowledge. *See, e.g.*, *United States v. Pennington*, 20 F.3d 593, 598 (5th Cir. 1994). "In secret compartment cases, this Court requires additional circumstantial evidence that is suspicious in nature and demonstrates guilty knowledge." *United States v. Gonzalez-Rodriguez*, 621 F.3d 354, 361 (5th Cir. 2010).

On the other hand, the Government maintains correctly that the evidence was sufficient. "In the typical hidden compartment case, the driver disclaims ownership of the vehicle and the government does not disprove the disclaimer." *United States v. Resio-Trejo*, 45 F.3d 907, 912 (5th Cir. 1995). Here, however, the evidence established Alamilla's ownership of the vehicle, and there was no evidence his truck had ever been stolen or borrowed. "As the owner of the truck, [defendant] had control over who used it and how it was used." *United States v. Williams-Hendricks*, 805 F.2d 496, 501 (5th Cir. 1986).

The value of the methamphetamine found in Alamilla's truck also supports the verdict. *See United States v. Villareal*, 324 F.3d 319, 324 (5th Cir. 2003) ("One example of circumstantial evidence which may be probative of knowledge is the value of the drug being transported."). It is implausible someone would take Alamilla's truck and, without his knowledge, construct a secret compartment, fill it with methamphetamine worth approximately $767,000, and then return the truck to Alamilla. *See Resio-Trejo*, 45 F.3d at 913.

Finally, given evidence that the methamphetamine found in his northbound truck on the evening of 16 April 2017 had been packaged by a drug cartel, as well as evidence that drug organizations operate south of Border

3

No. 17-41158

Patrol checkpoints, the jury could have inferred that Alamilla had driven south on the morning in question to pick up a load of a controlled substance. *Cf. Pennington*, 20 F.3d at 598.

　　AFFIRMED.